IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

STEVEN THOMPSON, FRED KRUMPECK, JACK HARDGRAVE, EDWARD LOPEZ, KYLE HOWELL, ARTHUR SAENZ, GARY HIGGINS, KARL FITTINGER, MICHAEL BUCKINGHAM, ARNOLD ROBB, ROBERT FACKLER, EUGENE QUINTANA, THOMAS BARKER, KEVIN BAKKER, MICHAEL PYTEL, ALBERT ORONA, JR., MARK PHILLIPS, PAUL OLSEN AND RICHARD HALL,

   Plaintiffs,

v.

WESTERN ELECTRICITY COORDINATING COUNCIL, a Utah corporation,

   Defendant

## COMPLAINT

Plaintiffs Steven Thompson, Fred Krumpeck, Jack Hardgrave, Edward Lopez, Kyle Howell, Arthur Saenz, Gary Higgins, Karl Fittinger, Michael Buckingham, Arnold Robb, Robert Fackler, Eugene Quintana, Thomas Barker, Kevin Bakker, Michael Pytel, Albert Orona, Jr., Mark Phillips, Paul Olson and Richard Hall, by and through undersigned counsel, file this Complaint against Western Electricity Coordinating Council, a Utah corporation ("WECC").

## STATEMENT OF THE CASE

1. The Colorado Wage Claim Act, § 8-4-101, *et seq.* (the "Colorado Wage Claim Act"), the Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et seq.*, as implemented by the Colorado Minimum Wage Order (the "Colorado Minimum Wage

Act") and the Washington Minimum Wage Act, RCW §49.46.005, *et seq.*, (the "Washington Minimum Wage Act") contain various rules regarding employee wages and working hours.  Defendant has violated these laws by failing to pay "time and one-half" premium pay for all overtime hours worked.  This action seeks to recover damages and backpay to compensate Plaintiffs for these wage violations.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiffs each are former employees of WECC who worked for WECC in the States of Colorado and/or Washington.

3. Defendant Western Electricity Coordinating Council is a corporation organized under the laws of the State of Utah with its corporate offices located at 155 North 400 West, Suite 200, Salt Lake City, Utah 84103.  At all times relevant to this action, WECC has been located in and has conducted business in the State of Colorado.

4. This Court has jurisdiction over the parties and subject matter of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331.  Venue is proper under 28 U.S.C. §1391(b).

## FACTUAL BACKGROUND

5. Subject to oversight by the Federal Energy Regulatory Commission, the North American Electric Reliability Corporation ("NERC") is a not-for-profit entity whose mission is to ensure the reliability of the bulk power system in North America.  NERC develops and enforces reliability standards; annually assesses seasonal and long-term

reliability; monitors the bulk power system through system awareness; and educates, trains and certifies industry personnel. NERC's area of responsibility spans the continental United States, Canada and the northern portion of Baja California, Mexico. Entities under NERC's jurisdiction are the users, owners and operators of the bulk power system, which serves more than 334 million people.

6. WECC operates under a delegation agreement with NERC as the Regional Entity responsible for coordinating and promoting bulk electric system reliability in the Western Interconnection. WECC's service territory extends from Canada to Mexico. It includes the provinces of Alberta and British Columbia, the northern portion of Baja California, Mexico, and all or portions of the fourteen Western states between, including Colorado.

7. In addition to its main office in Salt Lake City, Utah, WECC maintains offices in Vancouver, Washington and Loveland, Colorado. Plaintiffs worked in WECC's Colorado and Washington offices as Reliability Coordinator System Operators ("RCSO's"). RCSO's are analogous to air traffic controllers only, instead of air traffic, they regulate the transmission of bulk electricity among North American utilities. RCSO's provide these services to the utilities through operation of computer equipment located at WECC's offices, which is networked with the utilities. Through this network, utilities feed data regarding the bulk electrical system to WECC, which data is monitored by WECC's computer equipment and RCSOs.

8. The Colorado and Washington Minimum Wage Acts and Colorado Wage

Claim Act require employees to be compensated at their "regular rate of pay" for all time worked.  Moreover, Colorado and Washington require employees to be compensated at "time and one-half" their regular rate of pay for all overtime hours worked, *i.e.*, hours in excess of forty in one workweek or twelve in one day.  Although Plaintiffs worked overtime hours for WECC, WECC failed to pay all overtime compensation due under state and federal law.  In particular, WECC counted additional hours worked in an overtime workweek as hours worked in a non-overtime workweek.  As a result, these additional overtime hours were compensated at the regular rate of pay rather than at the overtime rate.  In addition, WECC failed to pay overtime for additional time worked in excess of twelve hours per day, generally fifteen minutes at the end of a twelve hour shift to accommodate the shift change.

9. Plaintiffs are without records sufficient to provide the number of overtime hours they worked that were not compensated properly by WECC.  Since state and federal law require WECC to keep detailed records of employee hours worked, however, Plaintiffs will provide precise damage figures upon production of this information.  Plaintiffs allege, however, that the issue of overtime hours being incorrectly recorded in non-overtime workweeks occurred for each RCSO approximately eight times per year due to relatively standard RCSO schedules.  That figure varied, however, due to schedule inconsistences, *e.g.*, vacations.  With regard to the unpaid fifteen minutes of overtime, this issue arose primarily during the last few months of 2013.

### FIRST CLAIM FOR RELIEF
### (Violation of the Colorado Wage Claim Act, § 8-4-101, *et seq.*)

10.     Plaintiffs incorporate by reference all of the above paragraphs.

11.     At all relevant times, WECC has been, and continues to be, an "employer" within the meaning of the Colorado Wage Claim Act.  At all relevant times, WECC has employed, and/or continues to employ, "employees", including those Plaintiffs who worked in Colorado, within the meaning of the Wage Claim Act.

12.     As a result of the foregoing conduct, as alleged, WECC has failed to pay wages due under the Wage Claim Act, Minimum Wage Act and the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* thereby violating, and continuing to violate, the Wage Claim Act.  These violations were committed knowingly, willfully and with reckless disregard of applicable law.

13.     As a result, the Colorado Plaintiffs have been damaged in an amount to be determined at trial.  The Colorado Plaintiffs hereby demands payment on behalf of themselves in an amount sufficient to provide proper compensation for all overtime hours worked.  Such payment should be made care of undersigned counsel at the listed address.

### SECOND CLAIM FOR RELIEF
### (Breach of Contract)

14.     Plaintiffs incorporate by reference all of the above paragraphs.

15.     WECC contracted to pay Plaintiffs the overtime premium for hours worked in excess of forty in any given workweek.  By treating hours worked in an overtime

workweek as hours worked in a non-overtime workweek as described above, WECC violated this obligation.

16. Plaintiffs fulfilled their contractual obligations and performed all conditions precedent.

17. As a result of WECC's breach, Plaintiffs have been damaged in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF
### (Violation of the Washington Minimum Wage Act, RCW §49.46.005, *et seq.*)

18. Plaintiffs incorporate by reference all of the above paragraphs.

19. At all relevant times, WECC has been, and continues to be, an "employer" within the meaning of the Washington Minimum Wage Act. At all relevant times, WECC has employed, and/or continues to employ, "employees", including those Plaintiffs who worked in Washington, within the meaning of the Washington Minimum Wage Act.

20. As a result of the foregoing conduct, as alleged, WECC has failed to pay wages due and has violated the Washington Minimum Wage Act. These violations were committed knowingly, willfully and with intent to deprive the Washington Plaintiffs of their wages.

21. As a result, the Washington Plaintiffs has have been damaged in an amount to be determined at trial.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in favor of themselves and against WECC as follows:

1. Awarding Plaintiffs declaratory and/or injunctive relief as permitted by law or equity;

2. Awarding Plaintiffs their compensatory damages, attorneys' fees and litigation expenses as provided by law;

3. Awarding Plaintiffs their pre-judgment, post-judgment and moratory interest as provided by law;

4. Awarding Plaintiffs exemplary damages, liquidated damages and/or statutory penalties as provided by law; and

5. Awarding Plaintiffs such other and further relief as the Court deems just and proper.

Respectfully submitted this 16th day of April, 2015.

*s/Brian D. Gonzales*
_____
Brian D. Gonzales
THE LAW OFFICES OF
BRIAN D. GONZALES, PLLC
123 North College Avenue, Suite 200
Fort Collins, Colorado  80524
Telephone: (970) 212-4665
Facsimile: (303) 539-9812
BGonzales@ColoradoWageLaw.com

*Counsel for Plaintiffs*